1
2
3
4
5              UNITED STATES DISTRICT COURT
6              WESTERN DISTRICT OF WASHINGTON
                        AT SEATTLE
7

| | |
|---|---|
| R.K.M., | Case No. C24-1077-RSL |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER |
| v. | |
| ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, *et al.*, | |
| Defendants. | |

This matter comes before the Court on plaintiff's "Motion to Proceed Under Pseudonyms and For Protective Order" (Dkt. # 2). Having reviewed the submissions of the parties and the remainder of the record, the Court GRANTS plaintiff's motion for the reasons stated herein.

**I.    Background**

Plaintiff, a 33-year-old Ethiopian citizen, filed an application for asylum and withholding of removal in 2018. Dkt. # 1 ¶¶ 2–3. She files the present lawsuit following a five-year delay in adjudicating her application. *See generally* Dkt. # 1. Plaintiff generally alleges she was a victim of "female genital mutilation as a child," and as an adult she "was arrested and detained on account of [her] ethnicity and political opinion." Dkt. # 1, Ex. 2 (Decl. of R.K.M.) ¶ 1. Plaintiff files the present motion to proceed under a pseudonym "to avoid danger of retribution," but has agreed to disclose her identity to the Defendants. Dkt. # 2 at 1–2.

**II.    Motion to Proceed Under Pseudonym**

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM
AND FOR PROTECTIVE ORDER - 1

A party may proceed under a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quotations omitted). Specifically, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* Where "pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* (internal citations omitted). Therefore, "where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, and to issue protective orders limiting disclosure of the party's name, to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Id.* at 1069–70.

The Court concludes that R.K.M.'s need for anonymity outweighs any prejudice to the Defendants and the public's interest in knowing R.K.M.'s identity. *See Advanced Textile Corp.*, 214 F.3d at 1068. As an initial matter, the three-factor test followed by the Ninth Circuit is not instructive. Plaintiff did not present any evidence regarding the harm she fears, its severity or her vulnerability to such harm. *See generally* Dkts. # 1, 2. The complaint focuses largely on the delay in adjudicating her applications for asylum and withholding of removal and her motion is devoid of such allegations. *See generally* Dkts. # 1, 2. Nonetheless, the Court finds Defendants will not be prejudiced if R.K.M. is allowed to proceed under a pseudonym. Plaintiff has agreed to share her identity with the Defendants. Dkt. # 2 at 1–2. Thus, Defendants' litigation strategy

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM
AND FOR PROTECTIVE ORDER - 2

will not be affected, and Defendants do not oppose the motion. The Court concludes R.K.M.'s need for anonymity outweighs Defendant's interest in using his full name in court. *See Advanced Textile Corp.*, 214 F.3d at 1072.

The Court also finds that the public interest weights in favor of anonymity. This case turns on the agency's delay in adjudicating Plaintiff's asylum and withholding of removal applications. *See* Dkt. # 1. Disguising Plaintiff's identity will not obstruct public scrutiny of the important issues in this case. *See Advanced Textile Corp.*, 214 F.3d at 1072; *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (considering "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities"). Therefore, confidentiality is justified to ensure resolution of Plaintiffs' claim without subjecting her or her family to any harm.

### III. Motion for Protective Order

Federal Rule of Civil Procedure provides that a court may require redaction of private information from court filings "for good cause." Fed. R. Civ. P. 5.2(e). To show "good cause," the party seeking redaction must show that "specific harm or prejudice will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). For the same reasons discussed in the preceding section, the Court concludes that R.K.M. has shown good cause for requiring confidentiality. *See NML Capital Ltd. v. Republic of Argentina*, No. 2:14-CV-492-RFB-VCF, 2015 WL 727924, at *3–4 (D. Nev. Feb. 19, 2015) (finding good cause to redact information regarding immigration status). Therefore, the Court grants Plaintiff's motion for a protective order. All parties to the case shall refer to R.K.M. by her initials when filing documents publicly on the court's docket and shall redact references to R.K.M.'s full name when necessary.

### IV. Conclusion

For all the foregoing reasons, the Court GRANTS Plaintiff's motion to proceed under pseudonym and for a protective order (Dkt. # 2).

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER - 3

DATED this 13th day of August, 2024.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER - 4